IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| VINICIO J. GARCIA #1828198 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv067 |
| BOBBY LUMPKIN, et al. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Vinicio Garcia, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights action complaining about being placed in administrative segregation in December 2021. (Dkt. #1.) The case is before the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition.

As an attachment to a document he called a "supplemental complaint," Plaintiff has filed (for the second time in this case) a document titled "order to show cause for a preliminary injunction and a temporary restraining order." (Dkt. #9-2.) The Court construes the attachment to be a motion for preliminary injunctive relief. For the reasons expressed below, the undersigned recommends that the motion be denied.

**I. Discussion and Analysis**

A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried

the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury that is clear and imminent. *See Heath v. City of New Orleans*, 320 F. Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). Irreparable injury means harm that cannot be adequately addressed by a monetary award. *See Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981) ("In order to meet this burden plaintiffs need to establish that at the time of the injunction it was under a substantial 'threat of harm which cannot be undone' through monetary remedies.")

Mere speculation or conclusory allegations of an irreparable injury are insufficient. *Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

"[D]istrict courts within this circuit have found that a request for preliminary injunction must also be based on allegations related to the claims in the complaint." *Bucklew v. St. Clair*, No. 3:18-CV-2117-N (BH), 2019 WL 2251109, at *2 (N.D. Tex. May 15, 2019), *report and recommendation adopted*, No. 3:18-CV-2117-N (BH), 2019 WL 2249719 (N.D. Tex. May 24, 2019). Where a plaintiff "seeks injunctive relief unrelated to the claims in her lawsuit, jurisdiction

is lacking." *Id.* Accordingly, "[w]ithout a relationship between the motion and [the plaintiff's] underlying allegations, the Court cannot grant [his] injunction." *Brown v. United States, Dep't of Veterans Affs.*, No. 3:20-CV-063-DPJ-FKB, 2021 WL 1842136, at *2 (S.D. Miss. May 7, 2021).

Plaintiff fails to satisfy this standard. His motion seeks to prevent TDCJ officials from erasing video of the morning of February 14, 2022, when he was put on a bus to be transferred from one prison to another. (Dkt. #9-2 at 1.) He also seeks an order for the return of legal materials from which he was separated in the move and to require authorities to "show the justification" for his transfer. (*Id.* at 1–2.) But the circumstances of Plaintiff's February 2022 move to another prison are unrelated to his original claims about his placement in segregation in December 2021. That alone is reason to deny his motion.

Moreover, the pending motion would not merit relief under the standard set forth above even if the events on which it is based were properly before the court. The Court found Plaintiff's original complaint to be deficient and ordered him to amend it, and it is contemporaneously extending the deadline for him to do so. Until Plaintiff files a proper amended complaint, there is no demonstrated likelihood of his prevailing on the merits of any claims.

Plaintiff also does not demonstrate any threat of irreparable harm if preliminary relief is denied. He seeks preservation of what he considers to be evidence, but he does not allege any facts establishing that such evidence is in danger of destruction. Moreover, adverse inferences are available in civil litigation to remedy the destruction or spoliation of evidence when the circumstances warrant. *See Union Pump Co. v. Centrifugal Tech. Inc.*, 404 Fed. App'x 899, 906 (5th Cir. 2010) ("One of the most powerful, and perhaps the most common, remedies for spoliation is an adverse inference instruction given to the jury."). He also complains about lost legal materials, but he does not identify the materials or explain how their loss threatens irreparable harm. And the

3

demanded justification for his transfer, which already happened, would clearly not address any risk of future harm.

And finally, any negligible injury to Plaintiff is outweighed by the strong interest of both the Defendants and the public in allowing prison officials to carry out their duties without interference from the judiciary. Federal judges are not experts in prison management, and typically "[i]t is within the discretion of TCDJ-CID to determine where its prisoners are housed and how they are transported." *Ledesma v. Davis*, No. 7:16-MC-00823, 2019 WL 3225529, at *3 (S.D. Tex. June 6, 2019), *report and recommendation adopted*, No. 7:16-MC-00823, 2019 WL 3228197 (S.D. Tex. July 16, 2019) (citing *Kirby v. Johnson*, 243 F. App'x 877, 879 (5th Cir. 2007)). The Supreme Court has, therefore, taken a negative view of "the involvement of federal courts in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefit to anyone." *Sandin*, 515 U.S. at 482–83. Accordingly, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment," and "[s]uch flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life." *Id.* This factor outweighs any minimal weight attributed to Plaintiff's conclusory allegations.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary injunctive relief (Dkt. #9-2) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and

4

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 17th day of March, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE