IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VINICIO GARCIA, #1828198, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-067-JDK-JDL |
| BOBBY LUMPKIN, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Vinicio Garcia, a Texas Department of Criminal Justice inmate proceeding pro se, filed this pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

Before the Court is a February 2022 document from Plaintiff that the Court has construed as a motion for a preliminary injunction. Docket No. 3. On March 2, 2022, Judge Love issued a Report recommending that the Court deny the motion. Docket No. 6.

In March 2022, Plaintiff filed what the Court has construed as a second motion for preliminary injunction. Docket No. 9-2. Judge Love similarly recommended denial of that motion on March 17, 2022. Docket No. 11.

On March 31, the Court received an objection from Plaintiff. Docket No. 15. Due to a docketing error, this objection was docketed as an objection to the second

1

Report (Docket No. 11) recommending denial of the second preliminary injunction motion (Docket No. 9-2). Accordingly, when the Court adopted the first Report (Docket No. 6), it did so in the mistaken belief that Plaintiff had not objected to that Report. Docket No. 20. The docket has now been corrected to reflect that the objection Plaintiff filed on March 31 was to the Report and Recommendation entered on March 2 (Docket No. 6).

Now before the Court is Plaintiff's "objection" to the order adopting the first Report. Docket No. 23. The Court construes this filing to be a motion to reconsider the Court's adoption of the first Report pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, under which "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment." Determination of such a motion rests within the court's "considerable discretion." *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). Under the circumstances, the Court will reevaluate the recommendation to deny Plaintiff's first preliminary injunction motion in light of his previously filed objection and this motion. Docket Nos. 15, 23.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash the underlying claims addressed in the Report do not merit de novo review. *See United States v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Plaintiff's first preliminary injunction motion sought an order preventing Defendants from destroying evidence or continuing to hold him in administrative segregation and requiring TDCJ to "show why" and on whose authority he had been moved to segregation and why he could not return to the dorms. Docket No. 3 at 1–2.

3

In addition to finding no demonstrated likelihood of success on the merits of his claims at that stage due to his deficient complaint, the Magistrate Judge found that Plaintiff did not establish any irreparable harm as required for preliminary injunctive relief. Docket No. 6 at 3. The Magistrate Judge further explained that the strong interest of Defendants and the public in allowing prison officials to exercise their expertise in prison management without judicial interference outweighed any suggestion of injury to Plaintiff. *Id.* at 3–4.

Plaintiff's initial objection to that Report said that he had been alerted to the Report by receipt of a docket sheet and that he had not yet received a copy of the Report itself but nevertheless objected to it. Docket No. 15. Plaintiff ultimately received the Report on March 25, 2022. Docket No. 17. However, he did not file any additional objection before the Court's adoption of the Report on April 27, 2022. Accordingly, Plaintiff had ample time after receipt of the Report to file a proper objection identifying the specific findings to which he objected but failed to do so.

In his recent motion to reconsider the order adopting the Report, Plaintiff complains that the "Magistrate Judge ignored the facts of the injunction and has demonstrated bias against Plaintiff." Docket No. 23 at 2. Plaintiff also takes exception to language from the Magistrate Judge's order to amend the complaint, which is not at issue here. *Id.* at 2–3. He complains again of the possibility of infection from the conditions in which he is or was housed, including "filth" and a lack of sunlight, but he still does not identify any impending irreparable injury that could not be remedied by ordinary damages at the conclusion of his lawsuit. *Id.* at 3.

Contrary to Plaintiff's assertion, the Magistrate Judge did not require that something "bad" happen before Plaintiff can obtain relief. *Id.* Rather, as the Magistrate Judge correctly explained, Plaintiff must establish a "substantial threat" of "irreparable injury that is clear and imminent." Docket No. 6 at 1–2. Plaintiff's suggestion of a mere "possibility" of harm does not satisfy that standard.

Plaintiff also complains that he did not agree "to be heard by the magistrate judge" and asserts that by adopting the Report and Recommendation, the Court "has 'de facto' allowed a U.S. Magistrate to rule on an injunction contrary to the rule 636 of the federal rules of appellate procedure." Docket No. 23 at 4. Plaintiff is in error about the basis of the referral in this case and about his ability to dictate the Court's management of his case.

Pursuant to the Federal Magistrate Act of 1979 and the standard practice of this Court, this action was automatically referred to a Magistrate Judge as authorized by 28 U.S.C. § 636(b)(1). Under that statute, this Court may refer any non-dispositive, pretrial matter to the U.S. Magistrate Judge for determination, designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations for the disposition of a matter to the judge of the court. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No consent from the parties is required for such referral. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002) ("The consent of the parties is not required under this section."). Plaintiff has not identified any action by the Court that exceeds the lawful scope of the referral. A magistrate judge may not independently rule on a motion for

injunctive relief. § 636(b)(1)(A). But pursuant to § 636(b)(1)(B) and the automatic referral in this case, it was entirely proper for the Magistrate Judge to issue a Report and Recommendation on Plaintiff's preliminary injunction motion and for the Court to consider and adopt it.

To the extent Plaintiff's motion seeks revocation of the referral of pretrial matters and recommendations under § 636(b), Plaintiff does not have the right to interfere with this Court's statutory authority to delegate those responsibilities to the Magistrate Judge under that statute. *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) (referring to referrals under § 636(b) as "nonconsensual referrals"); *Jackson*, 864 F.2d at 1242 (holding that "[n]o such consent is required" for referrals under § 636(b)); *Ford v. Estelle*, 740 F.2d 374, 377 (5th Cir. 1984) (explaining that § 636(b)(1) "allows a district court to refer to a magistrate without consent of the parties").

The Court has considered both Plaintiff's March objection (Docket No. 15) and his recent motion to reconsider (Docket No. 23) and finds that neither submission has merit. Upon a de novo review of the Report and Recommendation in question (Docket No. 6), the Court finds that the Report is correct, and Plaintiff's objections are without merit. The Court finds no reason to alter its ruling on Plaintiff's first preliminary injunction motion.

Accordingly, Plaintiff's motion to reconsider (Docket No. 23) is **DENIED**.

So **ORDERED** and **SIGNED** this **2nd** day of **June, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE