IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VINICIO J. GARCIA, #1828198, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-067-JDK-JDL |
| | § | |
| BOBBY LUMPKIN, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Vinicio Garcia, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this lawsuit alleging violations of his constitutional rights in prison. The case was transferred to this Court for proper venue and referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On November 15, 2022, the Magistrate Judge issued a Report and Recommendation that Plaintiff's lawsuit be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) on the basis that his amended complaint fails to state a claim upon which relief can be granted. Docket No. 35. A copy of this Report was sent to Plaintiff, who has filed written objections. Docket No. 36.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D. NY Sep. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

The Magistrate Judge found that Plaintiff's description of the conditions in which he was temporarily housed in the TDCJ's Michael Unit did not establish cruel and unusual punishment under the Eighth Amendment or atypical and significant hardship that would trigger a right to due process under the Fourteenth Amendment,

and that Plaintiff has no constitutional claim arising from alleged property loss or damage from rodent activity in the cell. Docket No. 35 at 4–7. He also found that Plaintiff's allegation that he "informed" the Defendants by letter or grievance of his move into the undesirable conditions of the cell was not sufficient to make them personally liable under Section 1983. *Id.* at 7–8. And he found that the absence of any physical injury barred Plaintiff's claim for money damages and that Plaintiff's transfer to another prison mooted any request for prospective injunctive relief. *Id.* at 6; *see* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]")

Plaintiff's primary objection is that the Magistrate Judge did not adequately convey the condition of the cell in question. Specifically, he asserts that the Magistrate Judge omitted the fact that there was vomit on the wall of the cell, several details about the rodent infestation and activity, and the fact that Plaintiff was under medical treatment and on antibiotics for an infection. Docket No. 36 at 1–2. Plaintiff did mention in his amended complaint that there was vomit on the cell wall (Docket No. 19 at 9), but that fact alone does not materially affect the legal analysis of Plaintiff's claim. Nor do any additional details about rodents change the analysis where the Magistrate Judge reported that the cell was "infested with mice and roaches." Docket No. 35 at 2. And Plaintiff did not mention any medical condition in his amended complaint; to the contrary, Plaintiff repeatedly lamented that he did not

3

know why he would have been moved to a temperature-controlled part of the prison, which happens to be where inmates with certain medical needs are housed. *See* Docket No. 19 at 3–4; Docket No. 35 at 7 n.1. But even considering Plaintiff's infection, he acknowledges that he was being treated with antibiotics, and he does not allege that any harm came to him as a result of being temporarily housed in the cell about which he complains.

Plaintiff also reiterates that "all of the Defendants listed were informed by letters and a grievance about the condition of the cell." Docket No. 36 at 3. But, for the reasons explained by the Magistrate Judge, that is not sufficient to make them liable for any constitutional violation. Docket No. 35 at 7–8.

Plaintiff vaguely complains that his move to the inferior cell was retaliation "because of lawsuits and grievances." Docket No. 36 at 6–8. But neither that conclusory assertion nor his vague demands in the amended complaint to "stop the harassment and retaliation" states a claim under the standard for a First Amendment retaliation claim. *See Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002) (listing elements of retaliation claim).

In sum, nothing in Plaintiff's objection establishes a violation of his constitutional rights, or that the named Defendants were personally involved in any such violation, or that he is entitled to either monetary or injunctive relief for any such violation.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)

(District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 35) is **ADOPTED** as the opinion of the Court. Plaintiff's objections (Docket No. 36) are **OVERRULED**. This case is **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(b). Any pending motions are **DENIED** as **MOOT**.

**Signed this**
**Dec 20, 2022**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE